# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH'S HEALING, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>SHENZHEN SMOORE TECHNOLOGY CO. LTD.; JUPITER RESEARCH LLC; GREENLANE HOLDINGS, LLC; 3WIN CORP.; and CB SOLUTIONS d/b/a CANNA BRAND SOLUTIONS,<br><br>    *Defendants*. | Case No. 25-cv-1428 |
| REDBUD ROOTS INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>SHENZHEN SMOORE TECHNOLOGY CO. LTD.; JUPITER RESEARCH LLC; GREENLANE HOLDINGS, LLC; 3WIN CORP.; and CB SOLUTIONS d/b/a CANNA BRAND SOLUTIONS,<br><br>    *Defendants*. | Case No. 25-cv-3221 |
| SUMMIT INDUSTRIAL SOLUTIONS LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SHENZHEN SMOORE TECHNOLOGY CO. LTD.; JUPITER RESEARCH LLC; GREENLANE HOLDINGS, LLC; 3WIN CORP.; and CB SOLUTIONS LLC d/b/a CANNA BRAND SOLUTIONS,<br><br>    *Defendants*. | Case No. 25-cv-3431 |

| JOINT INITIAL CASE MANAGEMENT STATEMENT | 1 | CASE NOS. 25-CV-1428;<br>25-CV-3221;<br>25-CV-3431 |
|---|---|---|

**JOINT INITIAL CASE MANAGEMENT STATEMENT**

Pursuant to this Court's April 29, 2025 order (ECF No. 37) and the Standing Order for all Judges of the Northern District of California,[1] the Parties in the above-captioned actions respectfully submit their initial Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

**Subject Matter Jurisdiction.** Plaintiffs, direct purchasers ("DPPs") of closed cannabis oil vaporizer systems and components ("Vapes") manufactured by Defendant Shenzhen Smoore Technology Co. Ltd. ("Smoore") and sold by Smoore or its authorized distributors—Jupiter Research LLC ("Jupiter"), Greenlane Holdings, LLC ("Greenlane"), 3Win Corp. ("3Win"), and/or CB Solutions d/b/a Canna Brand Solutions ("CB Solutions," and with Jupiter, Greenlane, and 3Win, the "Authorized Distributors," and with Smoore, the "Defendants"), have asserted antitrust claims under the Sherman Act, 15 U.S.C. § 1, *et seq.*, which vests this Court with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367.

**Personal Jurisdiction & Venue.** DPPs assert that there are no issues regarding personal jurisdiction or venue. Defendants do not concede that they are subject to personal jurisdiction or that venue is proper.

**Status of Service.** Defendants have agreed to waive service in each of the above-captioned actions.

## II. STATEMENT OF CLAIMS

DPPs allege that between November 16, 2016 and the present, Defendant Smoore, the manufacturer of CCELL-branded Vapes, has had written and signed agreements with its Authorized Distributors, to (a) not charge their customers below minimum prices agreed to by all of the Defendants and (b) not compete for other Defendants' (including Smoore's) customers (the "Distribution Agreements"). DPPs further allege that because Smoore and the Authorized Distributors both sell CCELL-branded Vapes customers at the wholesale level (*i.e.*, to DPPs and/or

---

[1] https://www.cand.uscourts.gov/wp-content/uploads/judges/Standing_Order_All_Judges-11-30-2023.pdf.

members of the DPP Class), they are horizontal competitors such that their agreement is *per se* unlawful under the Sherman Act.

Defendants intend to move to dismiss DPPs' claims and dispute DPPs' allegations and characterizations. As Defendants will explain in their forthcoming motion(s) to dismiss, the DPPs' complaints fail to state a claim under which relief can be granted, including because DPPs fail to sufficiently allege a conspiracy or harm to competition.

DPPs are seeking to represent a putative class of other direct purchasers of CCELL-branded Vapes pursuant to Federal Rule of Civil Procedure 23(b)(3) and believe that all of the requirements of that Rule are readily satisfied here. Defendants intend to oppose class certification on the basis that, among other things, common issues do not predominate.

**Principal Factual Issues in Dispute.** The Parties presently believe that the principal factual issues in dispute will be as follows:

- Whether Defendants entered into the alleged horizontal agreement(s);
- Whether the Defendants entered into the alleged vertical agreements(s);
- Whether the Authorized Distributors entered into an agreement with one another;
- Whether Smoore organized, facilitated, and enforced the alleged agreement among and between itself and the Authorized Distributors;
- Whether Defendants' Distribution Agreement(s) contain the alleged minimum pricing terms;
- Whether Defendants' Distribution Agreement(s) contain the alleged market allocation terms;
- Whether Defendants' alleged conduct harmed competition (*e.g.*, whether Defendants' alleged conduct caused the price of CCELL-branded Vapes sold in the United States to be higher than it would have been but-for Defendants' alleged anticompetitive conduct);
- Whether one or more Defendant(s) engaged in the other alleged anticompetitive conduct, including *inter alia* foreclosing other would-be competitors and engaging in

   objectively baseless litigations;
   - The duration of Defendants' alleged anticompetitive conduct;
   - Whether DPPs had any reason to know or suspect the alleged conspiracy, or any means to discover the alleged anticompetitive conduct;
   - Whether Defendants fraudulently concealed the existence of the alleged anticompetitive conduct from Plaintiffs;
   - The identity of the participants in Defendants' alleged anticompetitive conduct; and
   - Whether DPPs and members of the putative DPP Class were injured by the Defendants' alleged conduct and, if so, the determination of the appropriate Class-wide measure of damages.

III. **LEGAL ISSUES**

The Parties presently believe that the principal legal issues in dispute will be as follows:
   - Whether DPPs have stated a claim upon which relief can be granted;
   - Whether the putative DPP Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; and
   - Whether DPPs, on behalf of themselves and the putative DPP Class, are entitled to damages and injunctive relief, and, if so, the nature and extent of such relief.

   The Parties agree that the above list is not exhaustive of all the legal issues that are likely to be in dispute.

IV. **MOTIONS**

   There are currently no motions pending. However, the Parties will be submitting a proposed Joint CMO No. 1 to the Court prior to the May 16, 2025 Case Management Conference that would, *inter alia*, set a date for the submission of an agreed upon schedule for the Parties' filing of a proposed litigation schedule, DPPs' filing of a consolidated DPP complaint, and motion to dismiss briefing.

V. **AMENDMENT OF PLEADINGS**

   DPPs anticipate filing a consolidated class action complaint, on a date to be agreed to by

the Parties and submitted in connection with the proposed Joint CMO No. 1, discussed *supra*. DPPs presently anticipate that the consolidated class action complaint may add additional or alternative claims.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("ESI Guidelines"). Defendants maintain that a Rule 26(f) conference is premature, including because certain Defendants have not yet been served in certain matters, Smoore is an international Defendant whose current counsel recently appeared in these matters, and because an Administrative Motion to convert the May 16 Case Management Conference to a Status Conference (ECF NO. 40) remains pending. Given this, if the Court does not convert the upcoming Case Management Conference to a Status Conference, the Parties agree to begin the Rule 26(f) process by no later than May 15, 2025, with the understanding that (a) the parties will conclude the process at a later date, but in any event no later than June 9, 2025; and (b) any deadlines or obligations triggered by the Rule 26(f) conference will not be triggered until the parties conclude the process at a later date. Notwithstanding, the Parties agree that they will continue to meet and confer in good faith regarding the items discussed herein between May 15, 2025 and June 9, 2025. If the Court converts the upcoming Case Management Conference to a Status Conference, the Parties will hold a Rule 26(f) conference, if necessary, at later date.

## VII. DISCLOSURES

**Exchange of Initial Disclosures.** The Parties agreed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on June 9, 2025.

**Description of Disclosures Made.** The Parties will disclose (a) the names and contact information of individuals who they presently believe are likely to have discoverable information (*see* Fed. R. Civ. P. 26(a)(1)(A)(i)); (b) a description of the documents, ESI, and tangible things that each Pary has in its possession, custody, or control that it may use to support its claims or defenses (*see* Fed. R. Civ. P. 26(a)(1)(A)(ii)); (c) a description of the damages claimed (*see* Fed. R. Civ. P. 26(a)(1)(A)(iii)); and (d) the existence of any insurance agreement(s) under which an

insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment (*see* Fed. R. Civ. P. 26(a)(1)(A)(iv)). The Parties agree that damages computation(s) will be disclosed during the class certification and/or summary judgment stage of these proceedings (*see* Fed. R. Civ. P. (a)(1)(A)).

## VIII. DISCOVERY

**Discovery Taken to Date.** As of May 9, 2025, no discovery had been served by any Party.

**The Scope of Anticipated Discovery.** DPPs presently believe that the scope of discovery in this case will be similar in nature and scope to other multi-Defendant antitrust cases. DPPs also believe that limited document discovery in this case (*see* Part XIX, *infra*), either before or during motion to dismiss briefing, is likely to streamline the factual and legal matters in dispute at little to no cost to Defendants.

Defendants will seek to stay discovery pending their forthcoming motions to dismiss, and they anticipate such motions will dispose of DPPs' claims or narrow the factual and legal issues to be decided. Given their forthcoming motions to dismiss, and the early stage of the case, Defendants cannot yet determine the scope of discovery.

**Limitations or Modifications of Discovery Rules.** The Parties agree that the appropriate time to address potential limitations or modifications to the discovery rules is after Defendants have had further opportunity to investigate and identify the individuals likely to have responsive and relevant information to these actions.

**Discovery Orders.** The Parties have agreed to meet and confer, and if possible agree, to orders to streamline the discovery process in this case, if any, including *inter alia*, a stipulated ESI Order, Protective Order, and 502(d) Order at the appropriate time. As noted above, Defendants maintain that discovery should be stayed pending resolution of their forthcoming motion(s) to dismiss, which Defendants believe would dispose of a need for such protocols and stipulations.

**Discovery Plan.** The Parties have agreed to meet and confer, and if possible agree, to a stipulated discovery plan pursuant to Federal Rule of Civil Procedure 26(f).

**Discovery Disputes**. The Parties presently disagree on the timing and appropriateness of Defendants' production of documents and testimony produced or taken in two other matters, but will present that issue to the Court at the appropriate time, if necessary. *See* Part XIX, *infra*.

## IX. CLASS ACTIONS

**Timing.** The Parties are in the process of discussing a proposed litigation schedule, which would include class certification timing, and intend to propose a date by which they would submit a litigation schedule to the Court in their Joint CMO No. 1, which will be submitted prior to the May 16, 2025 Case Management Conference. The Parties further agree that DPPs' motion for class certification and Defendants' response will be supported by (an) expert report(s) and testimony.

**Review of Guidelines.** The Parties have reviewed the Procedural Guidelines for Class Action Settlements.[2]

## X. RELATED CASES

The Parties are not presently aware of any other currently-filed DPP action against Defendants that are based on the same or similar set of allegations that have not been related to the *Earth's Healing* matter.

However, a putative class of indirect purchasers of CCELL-branded Vapes filed an earlier action against the Authorized Distributors (later adding Smoore and amending certain factual allegations after the *Earth's Healing* matter was filed), which has not been related to the *Earth's Healing* matter. *See S.K., et al. v. Jupiter Research, LLC, et al.*, Case No. 24-cv-9090 (N.D. Cal.). The parties to the indirect purchaser proceeding, including the Defendants in the instant related cases, have consented to magistrate judge jurisdiction, whereas DPPs here have not.

## XI. RELIEF

**Relief Sought.** DPPs seek injunctive relief; treble damages for the difference in price they paid Defendants and the price they would have paid Defendants but-for the alleged anticompetitive conduct; pre-judgment and post-judgment interest; notice costs; reasonable attorneys' fees and expenses; and such other or further relief as may be just and proper. Defendants dispute that DPPs

---

[2] https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

are entitled to any relief.

**Basis of Damage Calculation.** DPPs believe that the computation of their and the putative DPP Class's damages will be the subject of expert report(s) and testimony, such that the amount is not presently known. Defendants reserve the right to seek discovery, prior to the service of expert reports, regarding Plaintiffs' damages allegations in the event DPPs' claims survive the motions to dismiss. The Parties agree that DPPs' alleged damages will be subject to discovery but dispute whether and when that discovery should begin.

## XII. SETTLEMENT AND ADR

**Prospects for Settlement.** The Parties will address the prospects for settlement at the case management conference.

**ADR Certification and Plan**. The Parties filed the required ADR Certification (*see* Civil L.R. 16-18(b) and ADR L.R. 3-5(b)) in *Earth's Healing* on May 9, 2025.

## XIII. OTHER REFERENCES

DPPs believe that the case is not presently suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. Defendants continue to reserve all rights.

## XIV. NARROWING OF ISSUES

The Parties jointly identify the below issues which are the most consequential to the case and discuss how resolution of these issues could potentially be expedited:

- <u>Limited Early Discovery</u>: The Parties disagree as to whether and when Defendants should have to produce documents and testimony produced or given in two other cases. *See* Part XIX, *supra*.

- <u>Motion to Dismiss</u>: The Parties disagree as to whether DPPs have stated a colorable claim but agree that resolution of Defendants' anticipated motion(s) to dismiss will inform and clarify the issues that are most consequential and how those issues could potentially be expedited.

## XV. SCHEDULING

The Parties are in the process of discussing a full litigation schedule and intend to propose a date by which they would submit one to the Court in their proposed Joint CMO No. 1, which the Parties will submit to the Court prior to the May 16, 2025 Case Management Conference, as discussed *supra*.

## XVI. TRIAL

DPPs have requested a jury trial. The Parties agree that the expected length of trial is not yet known.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Each Party, with the exception of Jupiter (for which the disclosure is forthcoming), has filed the required *Certification of Interested Entities or Persons* required by Civil LR 3-15. *See* ECF Nos. 17 (Earth's Healing), 3 (Redbud), 5 (Summit); 35 (Smoore), , 41 (Greenlane), 43 (3Win), & 42 (CB Solutions). The disclosures are set forth again, below:

**Earth's Healing**: Pursuant to Civil L.R. 3-15, Earth's Healing, Inc. certified that as of February 19, 2025, there was no conflict to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), Earth's Healing, Inc. certified as of February 19, 2025, that it has a parent company, and that the following privately held LLC own 100% of its stock: Meridian Partners II, LLC. Pursuant to Civil L.R. 3-15, Earth's Healing, Inc. certified that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Meridian Partners II, LLC and Agrotech Management, LLC.

**Redbud**: Pursuant to Civil L.R. 3-15, Redbud Roots, Inc. certified that as of April 10, 2025, there was no conflict or interest to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), Redbud Roots, Inc. certified as of April 10, 2025, that no parent corporation or publicly held corporation owns 10% or more of its stock.

**Summit**: Pursuant to Civil L.R. 3-15, Summit certified that as of April 23, 2025, there was no conflict to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), Plaintiff Summit Industrial Solutions LLC, certified that it does not have a parent company, and that no publicly traded company owns 10% or more of its shares.

**Smoore**: Pursuant to Civil L.R. 3-15, Smoore certified that as of April 28, 2025, there was no conflict to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant Shenzen Smoore Technology Co., Ltd. certified on that date that it was 95% owned by Smoore (Hong Kong) Limited, and 5% owned by SBI Limited. Smoore (Hong Kong) Limited was wholly owned by Smoore Group Limited. Smoore Group Limited was wholly owned by Smoore International Holdings Limited. SBI Limited was wholly owned by Smoore International Holdings Limited. Pursuant to Civil L.R. 3-15, Smoore certified that as of April 28, 2025, the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations) or other entities (i) had a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) had a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Smoore (Hong Kong) Limited; SBI Limited; Smoore Group Limited; and Smoore International Holdings Limited.

**Jupiter**: Forthcoming.

**Greenlane**: Pursuant to Civil L.R. 3-15, Greenlane certified that as of May 6, 2025, there was no conflict or interest to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), Greenlane certified as of May 6, 2025 that no parent corporation or publicly held corporation owns 10% or more of its stock.

**3Win**: Pursuant to Civil L.R. 3-15, Greenlane certified that as of May 6, 2025, there was no conflict or interest to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), 3Win certified as of May 6, 2025 that no parent corporation or publicly held corporation owns 10% or more of its stock.

**CB Solutions**: Pursuant to Civil L.R. 3-15, CB Solutions certified that as of May 6, 2025, there was no conflict or interest to report. Pursuant to Federal Rule of Civil Procedure 7.1(a), CB

Solutions certified as of May 6, 2025 that no parent corporation or publicly held corporation owns 10% or more of its stock.

## XVIII. PROFESSIONAL CONDUCT

The Parties have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.[3]

## XIX. OTHER MATTERS

**Timing of Summary Judgment and Class Certification.** Pursuant to Paragraph 50 of this Court's Standing Order, the Parties will be prepared to discuss whether they anticipate filing any motions for summary judgment before DPPs move for class certification at the Case Management Conference.

**Documents and Testimony from Other Cases**. As referenced above, DPPs believe that Defendants prompt production of the documents and/or testimony produced, taken, exchanged, and/or filed in *Shenzhen Smoore Tech. Co., Ltd. v. Next Level Ventures, LLC & Advanced Vapor Devices, LLC*, Case No. 2:22-cv-7646 (C.D. Cal., filed Oct. 19, 2022) and *Certain Oil-Vaping Cartridges, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-1286 would facilitate the just, speedy, and inexpensive disposition of this matter.

The Defendants disagree with the DPPs' position. Both sides are continuing to discuss this issue and agree that it is not yet ripe for resolution.

DATED: May 9, 2025

| /s/ Nathaniel C. Giddings | /s/ Michelle J. Looby |
|---|---|
| Nathaniel C. Giddings (*pro hac vice*) | Michelle J. Looby (*pro hac vice*) |
| **HAUSFELD LLP** | **GUSTAFSON GLUEK PLLC** |
| 1200 17th Street NW, Suite 600 | Canadian Pacific Plaza |
| Washington, DC 20036 | 120 South Sixth Street, Suite 2600 |
| Telephone: (202) 540-7200 | Minneapolis, MN 55402 |
| Facsimile: (202) 540-7201 | (612) 333-8844 |
| ngiddings@hausfeld.com | mlooby@gustafsongluek.com |
| | |
| *Counsel for Plaintiffs Earth's Healing, Inc. & Redbud Roots Inc.* | *Counsel for Plaintiff Summit Industrial Solutions LLC* |

---

[3] https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/.

| | |
|---|---|
| Christopher L. Lebsock (#184546)<br>**HAUSFELD LLP**<br>580 California Street<br>12th Floor<br>San Francisco, CA 94101<br>Telephone: (415) 633-1908<br>Facsimile: (415) 358-4980<br>clebsock@hausfeld.com<br><br>Joshua H. Grabar (*pro hac vice*)<br>Julia C. Varano (*pro hac vice*)<br>**GRABAR LAW OFFICE**<br>One Liberty Place<br>1650 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>Telephone: (267) 507-6085<br>Facsimile: (267) 507-6048<br>jgrabar@grabarlaw.com<br>jvarano@grabarlaw.com<br><br>*Additional Counsel for Plaintiffs Earth's Healing, Inc. & Redbud Roots Inc.* | Dennis Stewart (#99152)<br>**GUSTAFSON GLUEK PLLC**<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Telephone: (619) 595-3299<br>dstewart@gustafsongluek.com<br><br>Daniel C. Hedlund (*pro hac vice*)<br>Bailey Twyman-Metzger (*pro hac vice*)<br>**GUSTAFSON GLUEK PLLC**<br>Canadian Pacific Plaza<br>120 South 6th Street, Suite 2600<br>Minneapolis, MN 55402<br>Telephone: (612) 333-8844<br>dhedlund@gustafsongluek.com<br>btwymanmetzger@gustafsongluek.com<br><br>*Additional Counsel for Plaintiff Summit Industrial Solutions LLC* |
| */s/ Jaikaran Singh*<br>Jaikaran Singh (#201355)<br>**FOLEY & LARDNER LLP**<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130<br>(858) 847-6700<br>jsingh@foley.com<br><br>*Counsel for Defendants Jupiter Research, LLC; 3Win Corp.; Greenlane Holdings, Inc., and CB Solutions, LLC*<br><br>Diane R. Hazel (*pro hac vice*)<br>**FOLEY & LARDNER LLP**<br>1144 15th St., Suite 2200<br>Denver, CO 80202<br>(720) 437-2034<br>dhazel@foley.com<br><br>*Additional Counsel for Defendants Jupiter Research, LLC; 3Win Corp.; Greenlane Holdings, Inc., and CB Solutions, LLC* | */s/ Kevin Y. Teruya*<br>Kevin Y. Teruya (#235916)<br>William R. Sears (#330888)<br>**QUINN EMANUEL URQUHART AND SULLIVAN LLP**<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>kevinteruya@quinnemanuel.com<br>willsears@quinnemanuel.com<br><br>*Counsel for Defendant Shenzhen Smoore Technology Co. Ltd.* |