# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTH'S HEALING, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SHENZHEN SMOORE TECHNOLOGY CO. LTD.; JUPITER RESEARCH LLC; GREENLANE HOLDINGS, LLC; 3WIN CORP.; and CB SOLUTIONS d/b/a CANNA BRAND SOLUTIONS, <br><br> *Defendants*. | Case No. 25-cv-1428 |
| REDBUD ROOTS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SHENZHEN SMOORE TECHNOLOGY CO. LTD.; JUPITER RESEARCH LLC; GREENLANE HOLDINGS, LLC; 3WIN CORP.; and CB SOLUTIONS d/b/a CANNA BRAND SOLUTIONS, <br><br> *Defendants*. | Case No. 25-cv-3221 |
| SUMMIT INDUSTRIAL SOLUTIONS LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SHENZHEN SMOORE TECHNOLOGY CO. LTD.; JUPITER RESEARCH LLC; GREENLANE HOLDINGS, LLC; 3WIN CORP.; and CB SOLUTIONS LLC d/b/a CANNA BRAND SOLUTIONS, <br><br> *Defendants*. | Case No. 25-cv-3431 |

[PROPOSED] JOINT STIPULATION         1

CASE NOS. 25-CV-1428;
25-CV-3221;
25-CV-3431;
25-CV-9090

| | |
|---|---|
| S.K., D.G., and D.C.,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>JUPITER RESEARCH, LLC; 3WIN CORPORATION; CB SOLUTIONS, LLC; GREENLANE HOLDINGS, INC.; SHENZHEN SMOORE TECHNOLOGY COMPANY, LIMITED; and SMOORE INTERNATIONAL HOLDINGS LIMITED,<br><br>    *Defendants*. | Case No. 24-cv-9090 |

# [PROPOSED] JOINT STIPULATION

WHEREAS, on December 16, 2024, Plaintiffs S.K., D.G. and D.C. ("IPPs") filed an Indirect Purchaser Class Action Complaint ("IPP Complaint") in this District alleging violations of United States' antitrust laws as well as state-wide antitrust and consumer protection laws against Defendants Jupiter Research LLC ("Jupiter"), Greenlane Holdings, Inc. ("Greenlane"), 3Win Corp. ("3Win") and/or CB Solutions d/b/a Canna Brand Solutions ("CB Solutions" and with Jupiter, Greenlane and 3Win, the "Authorized Distributors") related to their sales of closed cannabis oil vaporizer systems and components ("Vapes") in the United States (the "IPP Action");

WHEREAS, on February 11, 2025, Plaintiff Earth's Healing, Inc. ("Earth's Healing) filed a Direct Purchaser Class Action Complaint ("*Earth's Healing* Complaint") in this District alleging violations of the United States' antitrust laws against Defendants Shenzhen Smoore Technology Co. Ltd. ("Smoore") as well as the Authorized Distributors related to their sales of Vapes in the United States and its territories (the "*Earth's Healing* Action");

WHEREAS, on March 7, 2025, IPPs filed a First Amended Class Action Complaint which included both Smoore International Holdings Limited as well as Smoore (collectively, the "Smoore Defendants") as Defendants;

WHEREAS, on April 10, 2025, Plaintiff Redbud Roots Inc. ("Redbud") filed a Direct Purchaser Class Action Complaint ("*Redbud* Complaint") in this District alleging violations of the

1  United States' antitrust laws against Smoore and the Authorized Distributors related to their sales
2  of Vapes in the United States and its territories (the "*Redbud* Action");

3  WHEREAS, on April 17, 2025, Plaintiff Summit Industrial Solutions LLC ("Summit," and
4  with Earth's Healing and Redbud, the "DPPs") filed a Direct Purchaser Class Action Complaint
5  ("*Summit* Complaint") in this District alleging violations of the United States' antitrust laws against
6  Smoore and the Authorized Distributors related to their sales of Vapes in the United States and its
7  territories (the "*Summit* Action," and with the Earth's Healing Action and the Redbud Action, the
8  "DPP Actions")[1] (the DPP Actions, together with the IPP Action, the "Actions");

9  WHEREAS, this Court has related the Actions (*see* ECF Nos. 29, 36, & 54 in the *Earth's*
10 *Healing* Action);

11 WHEREAS, the Court held a conference with counsel for each of the Parties on May 16,
12 2025, at which the Court instructed the DPPs to file a consolidated complaint by no later than May
13 30, 2025, scheduled a hearing on Defendants' anticipated motion(s) to dismiss for August 14, 2025
14 and a Case Management Conference for September 12, 2025, and ordered all motion to dismiss
15 briefing to be complete by no later than July 31, 2025 (*i.e.*, 14-days before the motion to dismiss
16 hearing);

17 WHEREAS, the Court entered an order relating the IPP Action to the DPP Actions on May
18 16, 2025 (ECF No. 54 in *Earth's Healing* Action) after confirming at the May 16, 2025 conference
19 that the IPP Action would be on the same track as the DPP Actions if related (ECF No. 55 in
20 *Earth's Healing* Action);

21 WHEREAS, consistent with the Court's instructions at the May 16, 2025 conference,
22 counsel for the Parties have met and conferred in good faith and have reached the agreement set
23 forth below regarding the Motion to Dismiss briefing schedule and page limits.

24 IT IS HEREBY STIPULATED AND AGREED by and among the Parties, as follows:

25 **A.     Consent to Electronic Service & CM/ECF Registration**

---

[1] Each DPP Action improperly identifies Defendant Greenlane as "Greenlane Holdings, LLC".

[PROPOSED] JOINT STIPULATION        3

CASE NOS. 25-CV-1428;
25-CV-3221;
25-CV-3431;
25-CV-9090

1. All counsel are required to register for and participate in this Court's CM/ECF filing system. This system gives each counsel immediate access to all electronically filed documents and obviates the need to make personal service on the individual Parties.

2. In addition, and pursuant to Federal Rule of Civil Procedure 5(b), counsel for all Parties agree and consent to service of the materials identified in Federal Rule of Civil Procedure 5(a), via email.

### B. Consolidation of Actions & Case Caption

3. Pursuant to Federal Rule of Civil Procedure 42(a), the Actions are hereby related and consolidated for pre-trial purposes, with the *Earth's Healing* Action (25-cv-1428) designated as the "Lead Case."

4. The Clerk of Court is directed to change the title of the *Earth's Healing* Action (Case No. 25-cv-1428) to *In re Closed Cannabis Oil Vaporizer Systems and Components Antitrust Litigation*, and every document filed in these consolidated actions shall bear the below caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *IN RE CLOSED CANNABIS OIL VAPORIZER SYSTEMS AND COMPONENTS ANTITRUST LITIGATION*<br><br>This Document Relates To: ["All Actions" or specify by case title and number the individual applicable cases if the document relates to fewer than all of the consolidated cases] | Lead Case No. 25-cv-1428 |

5. When a document is applicable to all actions, the caption of the document shall include the notation "All Actions" below the phrase "This Document Relates To." Such documents shall only be filed in the Lead Case.

6. When a document is applicable only to either of the DPP Actions or the IPP Action, the caption of the document shall include the notation "Direct Purchaser Action" or "Indirect

[PROPOSED] JOINT STIPULATION            4            CASE NOS. 25-CV-1428;
                                                      25-CV-3221;
                                                      25-CV-3431;
                                                      25-CV-9090

Purchaser Action," respectively, below the phrase "This Document Relates To." Such documents shall be filed in both the Lead Case and in the specific action(s) to which it relates.

### C.  The DPPs' Consolidated Class Action Complaint

7.  The DPPs shall file a Consolidated Class Action Complaint on behalf of the putative DPP class by no later than May 30, 2025.[2]

8.  The Consolidated Class Action Complaint shall serve as the operative class action complaints for the putative DPP class.

### D.  Responsive Pleadings and Motions

9.  Defendants shall file their motions to dismiss the IPP's First Amended Class Action Complaint (dated March 7, 2025) and the DPP's Consolidated Class Action Complaint by no later than June 27, 2025.

10.  In accordance with Judge van Keulen's Order on the IPP and Distributor Defendants' Joint Stipulation (*S.K.* Dkt. 45), the Distributor Defendants shall file a single (combined) motion to dismiss the IPPs' First Amended Class Action Complaint, which shall be no more than 30 (thirty) pages.

11.  The Smoore Defendants shall file a single motion to dismiss IPP's First Amended Class Action Complaint, which shall be no more than 30 (thirty) pages.

12.  In addition, all Defendants in the IPP Action shall be permitted to submit, as an exhibit to their respective motions to dismiss the IPP's First Amended Class Action Complaint, a chart that summarizes their position as to each state; however, there can be no argument in the chart that does not appear in the Defendants' motions to dismiss the IPP's First Amended Class Action Complaint.

13.  The Distributor Defendants shall file a single (combined) motion to dismiss the

---

[2]  The Parties agree that if any deadline expressed as a number of days in this Order falls on a weekend or legal holiday, the deadline for the event shall be the next business day. The Parties further agree that the current deadlines to answer, or otherwise respond to any of these Actions shall be reset to the date set forth herein.

1 DPPs' Consolidated Class Action Complaint, which shall be no more than 30 (thirty) pages.

2       14.    Defendant Smoore shall file its own motion to dismiss the DPP's Consolidated
3 Class Action Complaint, which shall be no more than 30 (thirty) pages.

4       15.    The DPPs and IPPs shall file their respective oppositions to Defendants' motions
5 to dismiss by July 18, 2025. DPPs and IPPs shall each be permitted no more than 60 (sixty) pages,
6 to be divided as they each deem appropriate, to respond to Defendants' motions to dismiss.

7       16.    In addition, IPPs shall be permitted to submit with their opposition(s) a chart that
8 summarizes their position as to each state; however, there can be no argument in the chart that does
9 not appear in the IPPs' opposition brief.

10       17.    Defendants shall file their replies to the DPPs' and IPPs' oppositions by July 31,
11 2025. Each group of Defendants (*i.e.*, the Smoore Defendants and the Distributor Defendants)
12 shall be permitted 20 (twenty) pages to respond to each opposition filed by IPPs and DPPs, and
13 each group of Defendants may divide their total pages (*i.e.*, 40 pages) among their reply briefs as
14 they deem necessary. For the avoidance of doubt, the maximum total number of reply pages in
15 response to DPPs' opposition(s), including both Smoore and Distributor Defendants' replies, shall
16 be 40 (forty) pages, and the maximum total number of reply pages in response to IPPs'
17 opposition(s), including both Smoore and Distributor Defendants' replies, shall be 40 (forty) pages.

18

19 **IT IS SO ORDERED**

20

21   Dated: _____    _____
22                                                                             Hon. Vince Chhabria
                                                                            United States District Judge

23 ///
24 ///
25 ///
26 ///
27

[PROPOSED] JOINT STIPULATION     6     Case Nos. 25-CV-1428; 25-CV-3221; 25-CV-3431; 25-CV-9090

DATED: May 29, 2025

| | |
|---|---|
| */s/ Nathaniel C. Giddings* | */s/ Michelle J. Looby* |
| Nathaniel C. Giddings (*pro hac vice*) | Michelle J. Looby (*pro hac vice*) |
| **HAUSFELD LLP** | **GUSTAFSON GLUEK PLLC** |
| 1200 17th Street NW, Suite 600 | Canadian Pacific Plaza |
| Washington, DC 20036 | 120 South Sixth Street, Suite 2600 |
| Telephone: (202) 540-7200 | Minneapolis, MN 55402 |
| Facsimile: (202) 540-7201 | (612) 333-8844 |
| ngiddings@hausfeld.com | mlooby@gustafsongluek.com |

*Counsel for Plaintiffs Earth's Healing, Inc. & Redbud Roots Inc.*

*Counsel for Plaintiff Summit Industrial Solutions LLC*

Christopher L. Lebsock (#184546)
**HAUSFELD LLP**
580 California Street, 12th Floor
San Francisco, CA 94101
Telephone: (415) 633-1908
Facsimile: (415) 358-4980
clebsock@hausfeld.com

Dennis Stewart (#99152)
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 595-3299
dstewart@gustafsongluek.com

Joshua H. Grabar (*pro hac vice*)
Julia C. Varano (*pro hac vice*)
**GRABAR LAW OFFICE**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Facsimile: (267) 507-6048
jgrabar@grabarlaw.com
jvarano@grabarlaw.com

Daniel C. Hedlund (*pro hac vice*)
Bailey Twyman-Metzger (*pro hac vice*)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com
btwymanmetzger@gustafsongluek.com

*Additional Counsel for Plaintiff Summit Industrial Solutions LLC*

*Additional Counsel for Plaintiffs Earth's Healing, Inc. & Redbud Roots Inc.*

*/s/ Blake Hunter Yagman*
Blake Hunter Yagman (*pro hac vice*)
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite #347
Carle Place, New York 11514
Telephone: (929) 709-1493
byagman@leedsbrownlaw.com

|   |   |
|---|---|
| *Counsel for Plaintiffs S.K., D.G. and D.C.* | |
| /s/ Jaikaran Singh | /s/ Kevin Y. Teruya |
| Jaikaran Singh (#201355) | Kevin Y. Teruya (#235916) |
| **FOLEY & LARDNER LLP** | William R. Sears (#330888) |
| 11988 El Camino Real, Suite 400 | **QUINN EMANUEL URQUHART AND SULLIVAN LLP** |
| San Diego, CA 92130 | 865 S. Figueroa Street, 10th Floor |
| (858) 847-6700 | Los Angeles, CA 90017 |
| jsingh@foley.com | (213) 443-3000 |
|   | kevinteruya@quinnemanuel.com |
| *Counsel for Defendants Jupiter Research, LLC; 3Win Corp.; Greenlane Holdings, Inc., and CB Solutions, LLC* | willsears@quinnemanuel.com |
|   | *Counsel for Defendant Shenzhen Smoore Technology Co. Ltd.* |
| Diane R. Hazel (*pro hac vice*) | |
| **FOLEY & LARDNER LLP** | |
| 1144 15th St., Suite 2200 | |
| Denver, CO 80202 | |
| (720) 437-2034 | |
| dhazel@foley.com | |
| *Additional Counsel for Defendants Jupiter Research, LLC; 3Win Corp.; Greenlane Holdings, Inc., and CB Solutions, LLC* | |